UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JIMMY RAE COLE,

                    Petitioner,                    Case No. 1:13-cv-679

v.                                           Honorable Janet T. Neff

SHIRLEE HARRY,

                    Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.[1] Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d).

---

[1] Petitioner asserts that he is filing this petition pursuant to 28 U.S.C. § 2241, however the petition is properly brought under 28 U.S.C. § 2254. On September 24, 2012, Petitioner filed a petition in the matter of *Jimmy Rae Cole v. Shirlee Harry*, Case No. 1:12-cv-1019 (W.D. Mich.) that is nearly identical to the one he filed in this case. On October 26, 2012, the Court issued a detailed order explaining why Petitioner's petition should have been brought under 28 U.S.C. § 2254 and dismissing the case. As with the earlier petition and for the reasons stated in the Court's October 26, 2012 Order, this petition should have been brought under 28 U.S.C. § 2254.

*Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations.

## Discussion

I.    Factual Allegations

Petitioner is presently incarcerated at the Pugsley Correctional Facility. Following a jury trial in Jackson County Circuit Court, on April 14, 2008, Petitioner was convicted of unlawfully driving away an automobile, MICH. COMP. LAWS § 750.413, assault with a dangerous weapon (felonious assault), MICH. COMP. LAWS § 750.82, and assault with intent to cause great bodily harm less than murder, MICH. COMP. LAWS § 750.84. Petitioner was sentenced as a habitual offender, MICH. COMP. LAWS § 769.11, to imprisonment of four to ten years for unlawfully driving away an automobile, four to eight years for felonious assault, and nine to twenty years for assault with intent to do great bodily harm. Petitioner appealed his conviction to the Michigan Court of Appeals and to the Michigan Supreme Court. On May 13, 2010, the Michigan Court of Appeals affirmed Petitioner's convictions and sentences. On September 27, 2010, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the questions presented should be reviewed by the court.

On April 18, 2011, Petitioner filed a motion for relief from judgment in the Jackson County Circuit Court. The trial court subsequently denied Petitioner's motion. Petitioner appealed the decision to the Michigan appellate courts. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on March 12, 2012. On September 24, 2012, the Michigan Supreme Court denied Petitioner's application for leave to appeal for failure to meet the burden of

establishing entitlement to relief under Mich. Ct. R. 6.508(D).  *See People v. Cole*, 820 N.W.2d 801

(Mich. Sept. 24, 2012).

On June 25, 2013, petitioner filed the instant petition raising the following two

claims:

> I.  Warden Harry is unlawfully detaining me without judgment of
> sentence/conviction being entered against me and one being issued to
> her.  She is also subjecting me to slavery, involuntary servitude, and
> forced labor, contrary to the 13th Amendment to the U.S.
> Constitution, and contrary to title 18 U.S.C. §§§ 1583, 1584, and
> 1589.

> II.  Warden Harry is depriving me of my liberty by incarcerating me
> absent a (court signed) written final judgment of
> sentence/commitment order to the department of corrections, contrary
> to the substantive component of the due process clause of the 14th
> amendment of the U.S. Constitution, and title 18 U.S.C. § 242.

(Pet., docket #1, Page ID##6, 7.)

II.  Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28

U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).[2]

Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of

>> (A) the date on which the judgment became final by the conclusion of direct
>> review or the expiration of the time for seeking such review;

---

[2]  Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.  Previously, Rule 9 of the Rules Governing § 2254 Cases provided the only time limitation.  Rule 9 required dismissal of a petition only under circumstances where the state had been prejudiced by the delay in filing.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on September 27, 2010. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, December 27, 2010. On April 18, 2011, Petitioner filed a motion for relief from judgment in the Jackson County Circuit Court, thereby

- 4 -

tolling the statute of limitations with 253 days remaining. *See* 28 U.S.C. § 2244(d)(2) (A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending.). After his motion for relief from judgment was denied, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal on March 12, 2012. The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 24, 2012, at which point his statute of limitations began to run again. Accordingly, with tolling, Petitioner had until June 4, 2013, in which to file his habeas petition. Petitioner filed the instant petition on June 25, 2013. Obviously, he filed more than one year after the time for direct review expired. Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner does not claim to be actually innocent. Accordingly, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date: July 29, 2013                                    /s/ Ellen S. Carmody_____
                                                       ELLEN S. CARMODY
                                                       United States Magistrate Judge



### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).