UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY RAE COLE,

    Petitioner,

v.

SHIRLEE HARRY,

    Respondent.

_____/

Case No. 1:13-cv-679

HON. JANET T. NEFF

**OPINION AND ORDER**

Petitioner, a state prisoner, filed this habeas corpus action seeking post-conviction relief from his state court judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as barred by the one-year limitations period provided in 28 U.S.C. § 2244(d). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," raising two claims for review (Dkt 1). The Magistrate Judge did not reach the merits of Petitioner's claims, instead determining that the petition is subject to the procedural requirements of 28 U.S.C. § 2254, including the one-year limitations period provided in 28 U.S.C. § 2244(d). The Magistrate Judge

noted that Petitioner had previously filed a § 2241 petition, "nearly identical to the one he filed in this case," which the Court also dismissed (R&R, Dkt 4 at 1, n.1).

Petitioner makes four objections to the Report and Recommendation, as follows:

1. The Magistrate ignored the strict limitations of the 28 U.S.C. § 2243 statute, by going outside the petition itself, which is a sworn document and should be treated as such.

2. On Pg. 2 of the Magistrate's report is her ("FACTUAL ALLEGATIONS"), this is the exact information taken from judge Moloney's [sic] opinion/order, which is from the MDOC website (O.T.I.S.) and is [un]verified information that is a disputed matter. see U.S. V Bryant Supra.

3. On Pg. 3 of the Magistrate's report, two of my grounds are displayed as (claims 1 and 2) however, the Magistrate never makes reference to, mentions or considers my claims in any way throughout her frivolous report and recommendation.

4. Everything in the Magistrate's report and recommendation from the beginning and throughout its entirety, exclusively pertains to a 28 U.S.C. § 2254 habeas petition, to-which [sic] does not apply to my 28 U.S.C. § 2241 habeas petition. 28 U.S.C. § 2241 is distinguishable from 28 U.S.C. § 2254 habeas petition.

(Pet'r Obj., Dkt 5 at 4).

Petitioner's first, third and fourth objections lack merit. The Magistrate Judge correctly determined that the petition filed by Petitioner, a state prisoner in custody pursuant to the judgment of a State court, is subject to the procedural requirements of § 2254 (R&R, Dkt 4 at 1, n.1). *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) ("The numerous federal decisions on this issue support the view that all petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254."). The Magistrate Judge also properly applied the requirements for filing a § 2254 petition in recommending a dismissal on procedural grounds. Petitioner's arguments to the contrary are unpersuasive, and as such, these objections are denied.

Petitioner's second objection also lacks merit and is denied. Referencing *United States v. Bryant*, 571 F.3d 147 (1st Cir. 2009), Petitioner objects to the Magistrate Judge's factual recitation of his State court convictions, which Petitioner asserts is "taken from" his prior case, "which is from the [Michigan Department of Corrections] website" (R&R, Dkt 4 at 2; Pet'r Obj., Dkt 5 at 4). Petitioner's objection to the Magistrate Judge's factual recitation does not demonstrate any factual or legal error in the Magistrate Judge's recommendation to dismiss this case. Moreover, the decision in *Bryant*, 571 F.3d at 153-55, which concerned a district court's reliance on incarceration records as proof of predicate offenses for purposes of applying the sentencing guidelines, is distinguishable from the procedural determination in this case and does not support Petitioner's allegations of error by the Magistrate Judge.

Having determined that Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could

not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 5) are DENIED and the Report and Recommendation (Dkt 4) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Request for Judicial Notice (Dkt 6) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Motion to Expedite (Dkt 7) is DENIED as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability in this matter is denied.


Dated: November 22, 2013　　　　　　　　　　　/s/ Janet T. Neff
　　　　　　　　　　　　　　　　　　　　　　　JANET T. NEFF
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge